The DIAL CORPORATION, Plaintiff,

v.

MG SKINNER & ASSOCIATES, Defendant.

Fireman's Fund Insurance Company, Appellant,

v.

Federico C. Sayre, Appellee.

No. 04–55254.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 18, 2005.

Filed May 12, 2006.

Bruce N. Graham, Esq., Graham & Associates, Calabasas, CA, for Appellant and Defendant.

Raymond E. Brown, Law Offices of Federico C. Sayre, Santa Ana, CA, for Appellee.

Before: HUG and WARDLAW, Circuit Judges, and SUKO,* District Judge.

## MEMORANDUM **

Fireman's Fund Insurance Company ("Fireman's Fund") appeals the district court's November 25, 2003 order granting Federico Sayre's ("Sayre") motion for relief pursuant to Federal Rules of Civil Procedure 60(b)(4).

We have appellate jurisdiction over Fireman Fund's appeal under 28 U.S.C. § 1291 and the collateral order doctrine. We find the district court's November 25, 2003 order granting Sayre's motion for relief from judgment pursuant to Fed. R.Civ.P. 60(b)(4) falls within the exception to the rule of nonappealability carved out for collateral final orders. *See Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546–47, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949).

In January 1986, Dial Corporation ("Dial") and Carson Metal Processing, Inc. ("Carson") entered into a contract whereby Carson would dismantle and remove pieces of equipment on Dial's premises. Carson agreed to provide comprehensive general liability insurance and to name Dial as an additional insured on the policy. Carson's insurance broker, M.G. Skinner & Associates ("Skinner"), issued a $1 million liability insurance certificate for Carson but did not list Dial as an additional insured, as required by the contract between Dial and Carson.

In February 1986, Carson broke a pipe on Dial's property resulting in the release of noxious chlorine gas. Sayre, who is an attorney, filed suit in state court against Dial on behalf of approximately 100 people who claimed damages due to exposure. These claims were eventually settled.

On May 26, 1988, Dial filed suit in the Central District of California against Carson and Skinner, alleging three causes of action against Carson and one claim of professional negligence against Skinner. Dial and Carson settled the three claims on December 27, 1989. The settlement agreement released Carson from the action and assigned any and all pending claims against Skinner on behalf of Dial, Carson, and National Union Fire Insur-

---

* The Honorable Lonny R. Suko, United States District Judge for the Eastern District of Washington, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

ance, Carson's insurer, to Sayre as trustee for those individuals who had settled their personal injury claims. Sayre substituted into the action as attorney for Dial, but was replaced by Raymond Boucher on April 24, 1991, after the law firm of Sayre, Moreno, Purcell & Boucher dissolved. Despite the terms of the agreement, the parties never formally dismissed Carson from the suit before trial.

Without giving notice to Carson, Skinner filed a motion for summary judgment as to the professional negligence claim. On June 29, 1990, District Judge Gadbois denied the motion but found that the parties did not dispute that Skinner was Carson's agent. Skinner's trial brief subsequently argued for the first time as a defense that because Skinner was Carson's agent, Carson was required to indemnify him for attorney's fees and costs. On September 19, 1991, the district court found that Carson's negligence in failing to read the insurance policy was the proximate cause of Dial's damages and that Skinner was entitled to indemnification by Carson for attorney's fees and costs in the amount of $91,621.62 with interest. Although Sayre had not been named as a party to the suit, Judge Gadbois found that Sayre, as the assignee of Carson, was jointly and severally liable to Skinner for the judgment of indemnity.

Dial appealed the district court's order granting indemnity to Skinner. On May 7, 1993, we dismissed the appeal on the grounds that neither Dial nor its assignee, Sayre, had standing because they had not been aggrieved by the judgment. On remand, Skinner moved for attorney's fees on appeal and was awarded $11,792.00 on July 30, 1993.

The case was reopened on August 21, 1998 when National Union Fire Insurance filed a motion for relief from judgment.

On August 11, 1999, Skinner moved for an order declaring Sayre personally liable on the judgment. In an order issued on November 12, 1999, the district court denied Skinner's motion for failure to identify supporting legal authority. Relying on the 1991 judgment, on November 8, 2001, Skinner served a notice of levy upon Sayre's bank accounts in the amount of $152,202.04.

On November 19, 2001, Sayre filed the first of three motions for relief from judgment under Federal Rules of Civil Procedure 60(b)(4) and 60(b)(5). The first two motions were struck for failure to comply with Local Rule 7–3; however, on his third motion Sayre prevailed. The order granting relief from judgment is the subject of this appeal. Skinner's assignee, Fireman's Fund Insurance Company, filed an application for and notice of renewal of judgment on September 11, 2002.

Ordinarily, motions for relief from judgment pursuant to Fed. R.Civ.P. 60(b) are addressed to the sound discretion of the district court and will not be reversed absent some abuse of discretion. "We review de novo, however, a district court's ruling upon a Rule 60(b)(4) motion to set aside a judgment as void, because the question of the validity of a judgment is a legal one." *Export Group v. Reef Indus., Inc.*, 54 F.3d 1466, 1469 (9th Cir.1995) (citing *Retail Clerks Union Joint Pension Trust v. Freedom Food Center, Inc.*, 938 F.2d 136, 137 (9th Cir.1991)).

The district court had jurisdiction to vacate the judgment because a Rule 60(b) motion seeking relief from judgment is not an independent claim and is considered a continuation of the original proceeding, *see Charter Township of Muskegon v. City of Muskegon*, 303 F.3d 755, 762–63 (6th Cir. 2002); *Smith v. Widman Trucking & Excavating, Inc.*, 627 F.2d 792, 799 (7th Cir. 1980), and because when a judgment is void, the judgment is a nullity and the district court has a nondiscretionary duty

to grant relief, *see Thomas P. Gonzalez Corp. v. Consejo Nacional de Produccion de Costa Rica,* 614 F.2d 1247, 1256 (9th Cir.1980). The district court correctly determined that Sayre's motion for relief from judgment under Rule 60(b)(4) was not time-barred, because motions brought pursuant to Rule 60(b)(4) constitute such exceptional circumstances as to relieve litigants from the normal standards of timeliness associated with Rule 60(b). *See Meadows v. Dominican Republic,* 817 F.2d 517, 521 (9th Cir.1987). In addition, the district court need not determine whether Sayre had a meritorious defense or was without fault prior to voiding the judgment under Rule 60(b)(4), because "[w]here a person has been deprived of property in a manner contrary to the most basic tenets of due process, it is no answer to say that in his particular case due process of law would have led to the same result because he had no adequate defense upon the merits." *Peralta v. Heights Med. Ctr., Inc.,* 485 U.S. 80, 86–87, 108 S.Ct. 896, 99 L.Ed.2d 75 (1988) (internal quotation marks omitted).

Due process requires that parties have notice of the proceedings involving their interests and an opportunity to be heard. *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950). This requires "notice reasonably calculated, under all the circumstances, to appraise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.* This did not occur.

The focus of litigation at the trial court level was whether Carson told Skinner to include Dial as an additional insured. Skinner's claim for indemnity of its attorney's fees from Carson was only mentioned in cursory fashion near the end of trial and without any prior notice. Sayre, as Carson's assignee, never had adequate notice of any application for indemnity against him under California Corporations Code § 317. Finally, at no time did Sayre have an opportunity to defend or address the indemnity issue prior to judgment being rendered against him.

The district court properly found that the underlying judgment was void for lack of due process. Importantly, the district court determined in its November 25, 2003 order:

> No one raised the legal issue as to whether Sayre, as Carson's assignee, could be held liable for Skinner's indemnification. In fact, there was a noted absence of such argument.

Accordingly, we affirm the district court's November 25, 2003 order granting Sayre's motion for relief pursuant to Federal Rules of Civil Procedure Rule 60(b)(4).

**AFFIRMED.**