In the

# United States Court of Appeals

### For the Seventh Circuit

No. 09-1107

PARVATI CORPORATION,

*Plaintiff-Appellant,*

*v.*

CITY OF OAK FOREST, ILLINOIS,
an Illinois Municipal Corporation, et al.,

*Defendants-Appellees.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 1:06-cv-01772—**Amy J. St. Eve**, *Judge.*

ARGUED MAY 19, 2010—DECIDED DECEMBER 23, 2010

Before O'CONNOR, *Associate Justice,*[*] and WILLIAMS
and SYKES, *Circuit Judges.*

SYKES, *Circuit Judge.* This appeal arises from a zoning
dispute between Parvati Corporation and the City of

---

[*] The Honorable Sandra Day O'Connor, Associate Justice of
the United States Supreme Court (Ret.), sitting by designation
pursuant to 28 U.S.C. § 294(a).

Oak Forest, Illinois, over a hotel in the city that Parvati owned but wanted to sell. In 2004 Parvati contracted to sell the property to Bethlehem Enterprise, Inc., contingent upon the latter's securing the City's approval to convert the hotel into a senior-living facility. The City's Zoning Commission denied approval because the proposed use was prohibited by a recently enacted zoning ordinance. Parvati and its buyer then sought judicial review in state court; they also asserted other claims for relief against the City and several of its officials. The suit was removed to federal court, and on July 20, 2007, a district judge upheld the Zoning Commission's decision. This resolved the administrative-review claim—which was dismissed with prejudice—but left the other claims pending. Parvati then moved for voluntary dismissal of its remaining claims. The motion was granted, and the judge entered judgment terminating the case.

About a year later, Parvati, acting without Bethlehem, moved for postjudgment relief under Rule 60(b)(3) of the Federal Rules of Civil Procedure, claiming that the City had misrepresented material facts during the zoning proceedings. Parvati asked the judge to vacate her July 20, 2007 order affirming the Zoning Commission's decision. By this time, however, Parvati no longer owned the hotel; it had conveyed the property to its mortgage lender to resolve foreclosure proceedings initiated a few months earlier. In the meantime Parvati filed a new lawsuit repleading the claims it voluntarily dismissed from this suit. The judge denied Parvati's Rule 60(b)(3) motion, and its Rule 59(e) motion for reconsideration as well, and Parvati appealed.

We cannot reach the merits. Based on the interim developments we have just described, this case is now moot. The relief Parvati wants—a decision vacating the court's July 20, 2007 order and reversing the Zoning Commission's action—is a remedy that can benefit only the property owner. Because Parvati no longer owns the property, it lacks standing to challenge the Zoning Commission's decision. It is true that Parvati's other claims—seeking damages from the City and several municipal officials—do not depend on its continued ownership of the property. But they were dismissed at Parvati's request and are now the subject of the second lawsuit. To the extent that the July 20, 2007 order—later reduced to a final merits judgment—has preclusive effect on Parvati's effort to resuscitate the dismissed claims in the second suit, *that* injury is entirely self-inflicted; it is not fairly traceable to the defendants' conduct. As such, the potential preclusive effect of the July 20 order does not suffice to supply standing; stated differently, it does not "unmoot" this case.

## I. Background

Parvati is an Illinois corporation owned by Balkrishna Ambalal Patel and his wife Nirmala Balkrishna Patel. For several years Parvati owned and operated a Ramada Inn in the City of Oak Forest. In March 2004 Parvati agreed to sell the hotel to Bethlehem Enterprise, an Illinois corporation owned by the Bethlehem Temporary Missionary Baptist Church. The sale of the hotel was contingent upon Bethlehem receiving the

City's permission to operate the property as a senior-living facility.[1]

On February 1, 2006, the City's Zoning Commission held a hearing to consider whether to grant Bethlehem a commercial business license for this purpose. At that hearing City officials explained that the City had recently enacted Zoning Ordinance 2836, and under that ordinance a senior-living facility was not a permissible use of the property. On this basis the Commission denied Bethlehem's application for a business license.

Parvati and Bethlehem responded with this lawsuit against the City, the Zoning Commission, and certain city officials alleging a potpourri of federal and state-law claims.[2] The suit was filed in state court and sought judicial review of the Zoning Commission's decision pursuant to the Illinois Administrative Review Law, *see* 735 ILL. COMP. STAT. 5/3-110, as well as money damages for violation of 42 U.S.C. §§ 1981 and 1982; the Fair Housing Act, 42 U.S.C. §§ 3601 *et seq.*; and the guarantees of equal protection and due process under

---

[1] The exact nature of the business Bethlehem sought to operate on the property is not entirely clear. The parties variously refer to it as a senior-living facility and an extended-stay hotel. The distinction is irrelevant to the disposition of this appeal; we use the term "senior-living facility" throughout this opinion.

[2] We use the term "City" to refer collectively to all defendants unless the context requires otherwise.

the Fourteenth Amendment and 42 U.S.C. § 1983.[3] The defendants removed the case to federal court. In an order dated July 20, 2007, the district court affirmed the Zoning Commission's decision and dismissed the state-law administrative-review claim. Parvati and Bethlehem then moved for voluntary dismissal of the constitutional and statutory claims. On September 28, 2007, the district court granted the motion, dismissed the remaining claims without prejudice, and entered a judgment terminating the case.[4]

In early 2008 Parvati claims to have discovered information suggesting that the City and its officials misrepresented material facts at the hearing before the Zoning Commission and in their filings in the district court. Specifically, Parvati maintains that city officials misrepresented the validity of Ordinance 2836 knowing that the City had failed to follow the proper legal procedures when enacting the ordinance. Parvati contends that because of these procedural anomalies, Ordinance 2836 is a nullity and Bethlehem's license application should have been evaluated under the prior zoning ordinance.

---

[3] The federal civil-rights claims alleged discrimination on the basis of race and ethnicity. The Patels are of Indian descent; the pastors and members of the Bethlehem Temporary Missionary Baptist Church are black.

[4] By agreement of the parties, the district court also dismissed all claims against the Zoning Commission with prejudice.

Accordingly, Parvati—acting without Bethlehem, which is no longer a party to the case[5]—moved for post-judgment relief under Rule 60(b)(3) alleging "fraud . . . , misrepresentation, or misconduct by an opposing party." This motion was filed on July 14, 2008, nearly a year after the district court entered its July 20, 2007 order affirming the Zoning Commission's decision. Parvati asked the district court to vacate its July 20, 2007 order and reevaluate the Zoning Commission's action under the prior zoning ordinance.

The City responded to the Rule 60(b)(3) motion on the merits, but also maintained that Parvati lacked standing to reopen the administrative-review claim because it had transferred ownership of the property to Mutual Bank, its mortgage lender, a few months earlier. Mutual Bank had initiated foreclosure proceedings against Parvati, and on March 18, 2008, the parties entered into an "Agreement in Lieu of Foreclosure" whereby Parvati conveyed the property to the bank in exchange for a release from its obligations arising under the terms of mortgage. That same day Parvati also executed a warranty deed to the property in favor of Mutual Bank.

The district court acknowledged that Parvati's convey-ance of the property called into question its standing to pursue postjudgment relief on the administrative-review claim. Parvati's injury—its inability to sell the property to Bethlehem—could no longer be redressed by the sort of relief afforded by administrative review

---

[5] Bethlehem is no longer interested in purchasing the property.

of the Zoning Commission's action. But the court determined that Parvati had standing by virtue of other intervening developments. On January 31, 2008, Parvati had filed a new lawsuit reasserting the claims it had voluntarily dismissed in the first suit and adding a few others. The court held that the potential preclusive effect of the July 20, 2007 order on the claims Parvati was attempting to assert in the second suit gave Parvati standing to seek relief from the judgment in the first.

The court then proceeded to the merits and reaffirmed its July 20, 2007 order. More specifically, the court held that the alleged misrepresentations did not prevent Parvati from "fully and fairly presenting its case" because early on in the litigation Parvati's attorneys had in their possession all the relevant documents necessary to alert them to the possible invalidity of the ordinance. As such, Parvati could have advanced a legal theory challenging the ordinance at any time while the case was pending. Because Rule 60(b) may not be used to propound new legal theories that could have been raised prior to entry of judgment, *see Provident Sav. Bank v. Popovich*, 71 F.3d 696, 698 (7th Cir. 1995), the court denied Parvati's motion for postjudgment relief. Parvati moved for reconsideration under Rule 59(e), which was also denied.

## II. Discussion

Our first question in this appeal—and as it turns out, our last—is whether Parvati has standing to pursue the particular relief it requests. Article III of the Constitu-

tion confines the federal courts to adjudicating actual cases or controversies, U.S. CONST. art. III, § 2, and the requirements of Article III case-or-controversy standing are threefold: (1) an injury in-fact; (2) fairly traceable to the defendant's action; and (3) capable of being redressed by a favorable decision from the court. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992); *Allen v. Wright*, 468 U.S. 737, 751 (1984). The asserted injury must be both (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical. *Lujan*, 504 U.S. at 560. Moreover, a plaintiff must demonstrate standing separately for each form of relief sought. *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 185 (2000). Finally, standing must be present at all stages of the litigation, including on appeal. *See Korczak v. Sedeman*, 427 F.3d 419, 420 (7th Cir. 2005). When a party with standing at the inception of the litigation loses it due to intervening events, the inquiry is really one of mootness. *See Friends of the Earth*, 528 U.S. at 189. Mootness is "the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)." *Id.* (quotation marks omitted).

There is no question that when this litigation began, Parvati had standing to seek judicial review of the Zoning Commission's decision. It owned the property in question, and the Commission's denial of Bethlehem's application for a license to operate a senior-living facility on the property scuttled the Parvati-Bethlehem deal and prevented the sale. This was a concrete, actual injury,

traceable to the City's conduct and redressable by the requested administrative relief. But after the district court issued its order affirming the Zoning Commission's decision and thereafter entered judgment dismissing the case, Parvati transferred ownership of the property to its mortgage lender in lieu of foreclosure.[6] Because Parvati no longer owns the property, it lost standing to challenge the Zoning Commission's decision.[7] The type of relief available on the administrative-review claim—an order directing the Zoning Commission to issue a license for a senior-living facility—cannot help Parvati now.

The district court found a different basis for Parvati's standing: the potential preclusive effect of the July 20, 2007 order on the second lawsuit Parvati filed against the City. The new suit reasserted the constitutional and

---

[6] The record contains a copy of the "Agreement in Lieu of Foreclosure" memorializing Parvati's promise to convey the property to Mutual Bank, as well as a copy of the warranty deed reflecting that Parvati in fact conveyed the property to the bank on March 18, 2008.

[7] Parvati notes that under Illinois law the grantee must accept a deed before the conveyance is effective, *see Seibert v. Seibert*, 41 N.E.2d 544, 547 (Ill. 1942), and raises the possibility that Mutual Bank might not have accepted the conveyance. This is conjecture, and in any event is contradicted by the documentary evidence. The "Agreement in Lieu of Foreclosure" and the warranty deed convincingly establish that Parvati's conveyance was effective; there is nothing in the record to suggest otherwise.

statutory claims for money damages that Parvati had voluntarily dismissed in the first suit, as well as other claims stemming from the same set of facts. These claims do not depend on Parvati's continued owner-ship of the property. If the court were to vacate the judgment in the first suit and revisit and reverse the July 20, 2007 order, the threat of claim or issue preclusion in the parallel case would be removed. The court held that the "potential negative impact of the July 20, 2007 Order on the 2008 case is sufficiently concrete and imminent" to supply standing.

But there is another requirement for standing that the court did not address: The injury must be fairly traceable to the conduct of the defendant. Under the circumstances here, the potential for preclusion was created entirely by Parvati's litigation conduct, not by any action of the City or its officials. After failing to win reversal of the Zoning Commission's decision, Parvati moved to dismiss its remaining claims rather than press on with the litigation. The district court granted this motion. Although the dismissal of the statutory and constitutional claims was without prejudice, the simultaneous entry of a final merits judgment on the administrative-review claim had obvious preclusion implications for any subsequent effort to refile those claims. Now that Parvati *has* refiled them—along with some previously unfiled claims arising from the same core of operative facts—the doctrine of preclusion

hovers over the later-filed case.[8] *See generally H-D Mich., Inc. v. Top Quality Serv., Inc.*, 496 F.3d 755, 760 (7th Cir. 2007) (collateral estoppel applies where a litigated issue, essential to the final judgment in the earlier case, is asserted against a party who had the opportunity to litigate the issue in the earlier proceeding); *Highway J Citizens Group v. U.S. Dep't of Transp.*, 456 F.3d 734, 741 (7th Cir. 2006) (res judicata applies where a claim concerns the same core of operative facts, involves the same parties, and implicates a previous final judgment on the merits).

This sort of procedural "injury," however, is not traceable to the City's alleged unlawful conduct. It is entirely self-inflicted, resulting solely from Parvati's decision to split its claims. *See Petro-Chem Processing, Inc. v. EPA*, 866 F.2d 433, 438 (D.C. Cir. 1989) (Ginsburg, R.B., J.) (self-inflicted injuries break the causal chain linking the defendant's conduct to the asserted injury); 13A

---

[8] As it turned out, the district court relied on preclusion doctrine to dismiss some of the previously unfiled claims, i.e., those that Parvati asserted for the first time in the second case. *See Parvati Corp. v. City of Oak Forest*, No. 08-cv-0702 (N.D. Ill. Sept. 17, 2009) (order dismissing certain claims). It is not clear why the preclusion defense is being raised piecemeal; claims that are voluntarily dismissed without prejudice do not necessarily escape a preclusion bar. *See Muhammad v. Oliver*, 547 F.3d 874, 876-78 (7th Cir. 2008) (a party's decision to voluntarily dismiss claims in one case does not necessarily reserve a right to reassert those claims in a subsequent case after the court renders a final judgment in the first).

CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRAC-
TICE AND PROCEDURE § 3531.5, at 362 (3d ed. 2008) (same);
*see also Diamond v. Charles*, 476 U.S. 54, 70-71 (1986)
(a party's liability for attorney's fees was a consequence
of its own decision to intervene in the case and
therefore could not be fairly traced to the law chal-
lenged); *Pennsylvania v. New Jersey*, 426 U.S. 660, 664
(1976) (injuries to plaintiff states' fiscs were "self-in-
flicted," and "[n]o State can be heard to complain about
damage inflicted by its own hand").

Had Parvati not voluntarily dismissed its claims for
monetary relief in the first case, it would have faced no
risk of preclusion; the district court would have con-
sidered all of Parvati's grievances in one lawsuit. So long
as Parvati maintained standing to assert the claims (and
as we have noted, Parvati need not own the property
to benefit from a monetary remedy), the district court
would have been free to revisit the zoning determina-
tion in the continuing litigation. And of course the pro-
priety of the district court's ruling on the administrative-
review claim could have been taken up on an appeal
from a final judgment in the case.

But Parvati chose to accept its loss on the administra-
tive-review claim, dismissed its claims for damages,
and permitted final judgment to be entered on the merits
of the zoning challenge. Now that it no longer owns the
property, Parvati lacks standing to reopen the judgment
on that claim. This is so regardless of how that judgment
may affect the related litigation. If the potential preclusive
effect of a judgment in a subsequent case were enough

to avoid mootness, then no case would ever be moot. *See Commodity Futures Trading Comm'n v. Bd. of Trade,* 701 F.2d 653, 656 (7th Cir. 1983). Such a rule would impair judicial economy, *see Muhammad v. Oliver*, 547 F.3d 874, 877 (7th Cir. 2008), and create an impermissible end-run around the case-or-controversy requirements of Article III. Here, the possibility of preclusion is not an injury fairly traceable to the City's conduct or the conduct of its officials. Instead, it was brought on by Parvati's litigation decisions.

Accordingly, for the foregoing reasons, we VACATE the orders of the district court denying Parvati's Rule 60(b)(3) and Rule 59(e) motions on the merits and REMAND with instructions to DISMISS them for lack of jurisdiction.