NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0709n.06

No. 10-1029

FILED
Oct 12, 2011
LEONARD GREEN, Clerk

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,               )
                                        )
        Plaintiff-Appellee,             )
                                        )       ON APPEAL FROM THE UNITED
v.                                      )       STATES DISTRICT COURT FOR
                                        )       THE WESTERN DISTRICT OF
JAMES DEVEN HARRIS,                     )       MICHIGAN
                                        )
        Defendant-Appellant.            )

Before: MARTIN, MOORE, and COOK, Circuit Judges.

BOYCE F. MARTIN, JR. James Deven Harris appeals the district court's judgment of conviction and sentence.

In 1994, Harris was convicted in state court of possessing a firearm during the commission of a felony and being a habitual offender. The trial court sentenced him to 17 to 27 years in prison. In 2009, Harris pleaded guilty in federal court to corruptly endeavoring to obstruct or impede the due administration of internal revenue laws, in violation of 26 U.S.C. § 7212(a). That charge arose from the filing of two tax documents falsely stating that Harris made certain payments to a prosecuting attorney involved in his prior state prosecution. The district court determined that Harris's base offense level was 14. The court added three levels because Harris's actions were motivated by the victim's status as a government employee, and it subtracted three levels for acceptance of responsibility, resulting in a total offense level of 14. Based on the total offense level of 14 and a criminal history category of III, the district court determined that Harris's guidelines range of

imprisonment was 21 to 27 months. The court sentenced Harris to 21 months in prison, to be served consecutively to his state sentence.

On appeal, Harris's counsel argues that the sentence was procedurally unreasonable because the district court did not give Harris the opportunity to address whether his federal sentence should be served consecutively to his state sentence and because the court failed to consider the relevant factors under 18 U.S.C. § 3553(a) when addressing the issue. Harris has filed a supplemental brief, asserting that the district court lacked jurisdiction over his case. Because Harris did not raise his sentencing claims in the district court, we review them only for plain error. *See United States v. Vonner*, 516 F.3d 382, 386 (6th Cir. 2008). To establish plain error, Harris must show "(1) error (2) that was obvious or clear, (3) that affected [his] substantial rights and (4) that affected the fairness, integrity, or public reputation of the judicial proceedings." *Id.* (internal quotation marks omitted). We review de novo challenges to the district court's subject matter jurisdiction. *East Brooks Books, Inc. v. City of Memphis*, 633 F.3d 459, 464 (6th Cir. 2011).

Before imposing its sentence, the district court discussed several § 3553(a) factors, including Harris's status as a habitual offender, his questionable behavior while incarcerated, and the need to deter others from obstructing the legitimate work of government agencies. Given that those factors supported consecutive sentencing and that the sentencing guidelines recommended consecutive sentencing, *see* 18 U.S.C. § 3584(b); USSG § 5G1.3(a), the district court did not plainly err by failing to conduct a separate § 3553(a) analysis of the issue. *See United States v. Berry*, 565 F.3d 332, 342-43 (6th Cir. 2009). Further, Harris was advised that his sentence would likely be consecutive, and he had ample opportunity to address the issue both before and after he was sentenced. Finally, contrary to Harris's assertions, the district court had jurisdiction over his case because it involved an offense against the laws of the United States. *See* 18 U.S.C. § 3231.

Accordingly, we affirm the district court's judgment.