**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

File Name: 12a0397n.06

No. 10-6527

**FILED**

**Apr 12, 2012**

LEONARD GREEN, Clerk

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| RICHARD GILBERT, | ) | DISTRICT OF KENTUCKY |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE: GIBBONS and SUTTON, Circuit Judges; DUGGAN, District Judge.[*]

PER CURIAM. Richard Gilbert appeals the district court's judgment of conviction.

Gilbert was charged with tax evasion, in violation of 26 U.S.C. § 7201, and attempting to interfere with administration of internal revenue laws, in violation of 26 U.S.C. § 7212. The district court denied his motion to dismiss the superseding indictment for lack of jurisdiction and improper venue. Following a trial, a jury found Gilbert guilty of both charges. The district court sentenced him to an effective prison term of thirty-seven months. The court denied Gilbert's motion seeking a new trial on the basis that the court lacked jurisdiction over his case.

On appeal, Gilbert raises several arguments: (1) the absence of "internal revenue districts" and "district directors" deprived the district court of jurisdiction over his case and made venue in the Western District of Kentucky improper; (2) the district court lacked jurisdiction over his case

_____

[*]The Honorable Patrick J. Duggan, United States District Judge for the Eastern District of Michigan, sitting by designation.

because the Secretary of the Treasury failed to properly refer the case to the United States Attorney for prosecution; (3) the district court improperly limited the presentation of his good-faith defense by prohibiting him from testifying about his views concerning the legal effect of the absence of internal revenue districts and district directors; and (4) the district court erred by failing to interpret ambiguities in the law in his favor under the rule of lenity. "We review de novo the district court's interpretation of the venue statutes and its determination of whether a case is filed in an improper venue." *Kerobo v. Sw. Clean Fuels, Corp.*, 285 F.3d 531, 533 (6th Cir. 2002). We also review de novo a challenge to the district court's subject matter jurisdiction. *East Brooks Books, Inc. v. City of Memphis*, 633 F.3d 459, 464 (6th Cir. 2011). We review evidentiary rulings for an abuse of discretion. *United States v. Vasilakos*, 508 F.3d 401, 406 (6th Cir. 2007).

The district court had subject matter jurisdiction over Gilbert's case because it was alleged that he committed two offenses against the laws of the United States. *See* 18 U.S.C. § 3231. Further, venue was proper in the Western District of Kentucky because that is where the activity constituting the offenses occurred. *See United States v. Mobley*, 618 F.3d 539, 546 (6th Cir.), *cert. denied*, 131 S. Ct. 810 (2010). The absence of a "district director" and "internal revenue district" did not make venue improper or deprive the district court of jurisdiction. *See United States v. Barry*, 371 F. App'x 3, 7-9 (11th Cir. 2010). In addition, given that the record reflects that the United States Attorney's Office handled Gilbert's case from the time of the indictment, Gilbert has not shown that the Secretary of the Treasury failed to properly refer the case for prosecution.

Gilbert has not demonstrated that the district court abused its discretion by limiting the presentation of his good-faith defense because he has not identified any such limitation in the trial record. Further, the record reflects that Gilbert was permitted to set forth the basis for his good-faith

defense, including his views on the legal effect of the absence of internal revenue districts and district directors. Finally, Gilbert has not established that there are ambiguities in the laws under which he was prosecuted such that the rule of lenity is applicable. *See United States v. Ford*, 639 F.3d 718, 721 (6th Cir. 2011).

Accordingly, we affirm the district court's judgment.