NOT RECOMMENDED FOR PUBLICATION
File Name: 24a0310n.06

Case No. 23-3865

# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

FILED
Jul 18, 2024
KELLY L. STEPHENS, Clerk

| | | |
|---|---|---|
| KIRK E. KNOPP, | ) | |
|     Plaintiff - Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| NATIONAL RAILWAY ADJUSTMENT | ) | COURT FOR THE NORTHERN |
| BOARD, et al., | ) | DISTRICT OF OHIO |
| | ) | |
|     Defendants, | ) | O P I N I O N |
| | ) | |
| CSX TRANSPORTATION INC., | ) | |
|     Defendant - Appellee. | ) | |
| | ) | |

Before: KETHLEDGE, THAPAR, and DAVIS, Circuit Judges.

DAVIS, Circuit Judge. Plaintiff-Appellant Kirk E. Knopp appeals the denial of his Rule 60(b)(1) motion for relief from judgment following a grant of summary judgment in favor of Defendant-Appellee CSX Transportation, Inc. concerning Knopp's challenge to a National Railroad Adjustment Board decision upholding his employment termination. The district court concluded that Knopp's motion was untimely as it was filed 73 days after the entry of summary judgment and Knopp failed to provide any reasoning for the delay. The court also concluded that Knopp received sufficient notice of the hearing before the Board pursuant to the Railway Labor Act, 45 U.S.C. § 153 First (j), and that his right to be heard was not impeded. Because we agree that Knopp's motion was untimely, we affirm.

**I.**

Knopp worked for CSX Transportation, Inc., ("CSX") as a locomotive engineer. In May 2019, a local Ohio newspaper posted an online article about a 21-year-old man who was struck and killed by a CSX freight train. Knopp used his personal social media account to post a comment under the article stating: "One less Idiot, I have to deal with!" (R. 16-2, Page ID 343). Once CSX became aware of the comment, management mounted an investigation and held a hearing in which it concluded—after Knopp's admission—that Knopp was the individual responsible for the post, and that his conduct violated CSX's Social Media Policy. Based on these findings, CSX terminated Knopp's employment.

The Brotherhood of Locomotive Engineers and Trainmen (the "Union") represented Knopp at the hearing before CSX and appealed the company's decision to the National Railway Adjustment Board Special Board of Adjustment No. 1185 (the "Board"). The Board scheduled a hearing to hear arguments on the appeal. The Union notified Knopp of the hearing but advised him that "he did not have to attend the hearing," and that the Union could adequately represent him without him being present. (R. 1 PageID 3–4, ¶ 9). With this assurance, Knopp did not attend the hearing and the union presented arguments on his behalf. Following the hearing, the Board upheld CSX's policy-violation determination and its decision to fire Knopp.

In April 2022, Knopp brought the instant action in the United States District Court for the Northern District of Ohio asserting that: (1) the Board failed to confine itself within the scope of its jurisdiction in violation of the Railway Labor Act, 45 U.S.C. § 153 ("RLA"); (2) basing his termination on the social media comment infringed on his First Amendment rights and was contrary to public policy; and (3) he "was denied his right to participate and present testimony"

based on the Union's advice that his attendance at the hearing was unnecessary. (*Id.*) Knopp initially named the Board, the Union, and CSX as Defendants. But he never properly served the Union, and he entered a stipulated dismissal of the Board, leaving CSX as the only remaining Defendant. On cross-motions for summary judgment, the district court granted CSX's motion, finding that Knopp failed to prove his claims regarding the Board's scope of jurisdiction and his First Amendment/public policy challenge. Neither the court nor the parties addressed Knopp's notice claim.

73 days after the district court issued its ruling, Knopp moved for relief from judgment pursuant to Federal Rule of Civil Procedure (60)(b)(1), arguing that the district court made a mistake and committed legal error in granting summary judgment because CSX only moved for summary judgment on two of the three claims raised in his complaint. Notably, Knopp conceded that his motion was really one to amend judgment under Rule 59. He explained that because "a Rule 59 motion [was] unavailable[,]" since he filed the motion well-beyond the 28-day deadline, he instead "raise[d] the . . . Motion as a motion for relief from judgment pursuant to Rule 60." (R. 25, PageID 699). The court denied the motion as untimely, but also found his merits arguments unavailing. Dissatisfied with the court's order, Knopp appealed.

## II.

We review a district court's denial of a motion for relief from judgment under the deferential abuse of discretion standard. *E. Brooks Books, Inc. v. City of Memphis*, 633 F.3d 459, 465 (6th Cir. 2011). "A district court abuses its discretion when it relies on clearly erroneous findings of fact, when it improperly applies the law, or uses an erroneous legal standard." *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 218 (6th Cir. 2019) (quoting *Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 614 (6th Cir. 1998)). Thus, we will overturn a district court's decision only

when we have a "definite and firm conviction that the district court committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." *In re Wendy's Co. S'holder Derivative Action*, 44 F.4th 527, 532 (6th Cir. 2022) (internal quotation marks omitted).

"In seeking to undo this final judgment, [Knopp] faces a steep uphill climb." *Giasson Aerospace Sci., Inc. v. RCO Eng'g Inc.*, 872 F.3d 336, 339 (6th Cir. 2017) (citation omitted). This is because courts observe an underlying "public policy favoring finality of judgments and termination of litigation." *Blue Diamond Coal Co. v. Trs. of the UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001) (citation omitted). Two mechanisms that would allow a party to undo a final judgment include motions to alter or amend judgment and motions for relief from judgment. *See* Fed. R. Civ. P. 59(e); Fed. R. Civ. P. 60.

Federal Rule of Civil Procedure 59(e) allows a litigant to file a "motion to alter or amend a judgment." "Under Rule 59, a court may alter the judgment based on: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Gen. Motors, LLC v. FCA US, LLC*, 44 F.4th 548, 563 (6th Cir. 2022) (quoting *Clark v. United States*, 764 F.3d 653, 661 (6th Cir. 2014)). The Rule provides the district court with the opportunity "'to rectify its own mistakes in the period immediately following' its decision." *Banister v. Davis*, 590 U.S. 504, 508 (2020) (quoting *White v. N.H. Dept. of Emp. Sec.*, 455 U.S. 445, 450 (1982)). In other words, Rule 59(e) is used to "reconsider matters properly encompassed in a decision on the merits." *Id.* (citation omitted).

"Federal Rule of Civil Procedure 60(b) permits 'a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances.'" *Kemp v. United States*, 596 U.S. 528, 533 (2022) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005)). Rule 60(b)(1) provides that a party may seek relief from a district court's final judgment for "mistake,

inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). When reviewing the district court's disposition of a Rule 60(b) motion, we do not "consider the merits of the underlying judgment." *Tyler v. Anderson*, 749 F.3d 499, 509 (6th Cir. 2014). "Rule 60(b) does not allow a defeated litigant a second chance to convince the court to rule in his or her favor by presenting new explanations, legal theories, or proof." *Id.* Rather, the party seeking relief "must establish that the facts of its case are within one of the enumerated reasons contained in Rule 60(b) that warrant relief from judgment." *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001) (quoting *Lewis v. Alexander*, 987 F.2d 392, 396 (6th Cir. 1993)).

As with any other motion filed pursuant to the Federal Rules of Civil Procedure, Rule 59 and Rule 60 motions are subject to time limitations. Motions to alter or amend judgment must be filed within 28 days from entry of the district court's final judgment. Fed. R. Civ. P. 59(e). As for motions for relief from judgment, "[a]ll must be filed 'within a reasonable time.' But for some, including motions under Rule 60(b)(1), that 'reasonable time' may not exceed one year." *Kemp*, 596 U.S. at 533 (internal citation omitted) (quoting Fed. R. Civ. P. 60(c)(1)).

Knopp moved for relief from judgment pursuant to Rule 60(b)(1) alleging that the district court made an "inadvertent legal error." (R. 25, PageID 698). Nevertheless, in reviewing the motion, the district court observed that Knopp characterized it as a "motion for reconsideration" and to "amend a judgment," which is only available under Rule 59. (*Id.* at 699; R. 29, PageID 755). The court also noted Knopp's counsel's confession that he was only raising his arguments under Rule 60 because the motion was untimely under Rule 59, which has a much shorter time to file of just 28 days from the entry of judgment. Taking this all into account, the court ultimately found that Knopp failed to file his motion within a reasonable time, and failed to provide any reasoning as to why his motion was delayed.

On appeal, Knopp does not argue that the district court abused its discretion because it found his argument unpersuasive. Instead, he maintains that the district court ignored his "arguments" as to why his motion for relief from judgment was timely when it concluded that he failed to offer any reasoning and that his motion was "silent on the issue." (ECF 16, Appellant's Br. 9; ECF 20, Reply Br. 9). Knopp asserts that he provided the following "reasons" for the delay:

> The seventy-three days it took Plaintiff to raise the instant Motion included the following steps: (1) digesting this Court's granting of summary judgment in Defendant's favor, (2) communicating with his prior counsel, (3) acquiring new counsel, (4) who then performed a de novo review of the case, (5) analyzed the case, (6) reviewed the relevant law, (7) analyzed the law, (8) reached a conclusion based upon the facts and law, (9) presented options to Knopp, and (10) drafted the instant Motion. The final endeavor of drafting the instant Motion within 72 hours of becoming aware of the issues raised does not fully reflect the time and diligence that was a prerequisite to Knopp raising the instant Motion within seventy-three (73) days.

(R. 28, Page ID 739).

This response, however, does not explain *why* it took Knopp 73 days to file his motion. Knopp merely details the common and expected steps that he and his counsel took in response to the district court's grant of summary judgment and in preparation to file the Rule 60 motion. Nowhere does he set out the reasons that the steps he described took 73 days to complete, or relatedly and most important, *why* the 73 days he took to file his motion was reasonable—which was his burden under the Rule. *See McCurry ex rel. Turner v. Adventist Health Sys./Sunbelt, Inc.*, 298 F.3d 586, 592 (6th Cir. 2002) ("The party seeking to invoke . . . Rule [(60)(b)] bears the burden of establishing that its prerequisites are satisfied.").

Because we afford substantial deference to the district court's findings concerning whether Knopp's motion was filed within a reasonable time, and Knopp failed to directly address the reasonableness of the 73-day period he took to bring his motion, the court did not abuse its

discretion. Finding that Knopp's motion was untimely, we decline to reach the merits of his arguments.

### III.

For the foregoing reasons, we **AFFIRM**.